IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-3037 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| UNIFIN, INC., | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Daniel Thomas brought this lawsuit under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692c(b) and 1692f, against defendant collection agency Unifin, Inc. ("Unifin") in the Circuit Court of Cook County, Chancery Division, after which Unifin removed this lawsuit to federal court. Before the Court is Thomas's motion to remand under 28 U.S.C. § 1447(c) based on the Court's lack of subject matter jurisdiction, specifically Article III standing. For the following reasons, the Court denies Thomas's motion to remand.

**Background**

In his complaint, Thomas alleges that Unifin used a third-party letter vendor to prepare his collection letter. By doing so, Thomas contends that Unifin violated § 1692c(b) when it disclosed information about his debt to the employees of the unauthorized third-party vendor. Similarly, Thomas alleges that Unifin violated § 1692f by using unfair means in connection with the collection of a debt, namely, disclosing Thomas's personal information to third parties not expressly authorized under the FDCPA. In bringing these claims, Thomas seeks statutory damages, attorney's fees and costs, and such other and further relief as the Court deems proper. Thomas does not seek actual damages.

**Discussion**

In his motion to remand, Thomas argues that the Court does not have subject matter

jurisdiction over his lawsuit based on the lack of Article III standing. As the proponent of subject matter jurisdiction, to establish Article III standing Unifin must show: (1) Thomas suffered an actual or imminent, concrete and particularized injury-in-fact; (2) a causal connection between the injury and the challenged conduct; and (3) the likelihood the injury will be redressed by a favorable decision. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC,* 2 F.4th 1002, 1007 (7th Cir. 2021). The parties focus on the injury-in-fact component, which requires that the harm be "concrete and particularized" and "actual or imminent." *Prosser v. Becerra*, 2 F.4th 708, 713 (7th Cir. 2021). As for the consumer protection statutes, "Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III." *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2205 (2021).

Here, Thomas asserts that based on a series of recent Seventh Circuit cases regarding Article III standing in the context of FDCPA claims, Unfin cannot establish that he suffered a concrete harm, therefore, this lawsuit belongs in state court. *See Protect Our Parks, Inc. v. Chicago Park Dist.*, 971 F.3d 722, 731 (7th Cir. 2020) ("Article III does not apply to the states, so 'state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability.'") (citation omitted). The more precise question at issue is whether Thomas has alleged an intangible injury that is concrete under his mailing vendor theory of liability. *Smith v. GC Services Limited P'ship*, 986 F.3d 708, 711 (7th Cir. 2021) ("Standing often depends on what theory a plaintiff advances and how injury would be proved."). The Seventh Circuit cases Thomas cites do not discuss the relevant statutes at issue, §§ 1692c(b) and 1692f, nor has the Seventh Circuit addressed Thomas's mailing vendor theory. Nevertheless, the Seventh Circuit recently stated that "an FDCPA violation might cause harm if it leads a plaintiff to pay extra money, affects a plaintiff's credit, or otherwise alters a

plaintiff's response to a debt." *Markakos v. Medicredit, Inc.*, 997 F.3d 778, 780 (7th Cir. 2021). There are no such allegations in Thomas's complaint.

Accordingly, the Court turns to whether the disclosure of Thomas's personal information to the third-party vendors caused an intangible, but concrete harm, by looking to both history and the judgment of Congress. *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 462 (7th Cir. 2020) (Barrett, J.) (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016)). The historical inquiry asks, "whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms." *TransUnion*, 141 S.Ct. at 2200. As the *TransUnion* Court clarified, "[v]arious intangible harms can also be concrete" including "reputational harms, disclosure of private information, and intrusion upon seclusion." *Id.* at 2204. When determining Congress's judgment, "[c]ourts must afford due respect to Congress's decision to impose a statutory prohibition or obligation on a defendant, and to grant a plaintiff a cause of action to sue over the defendant's violation of that statutory prohibition or obligation." *Id.*

With this standard in mind, Unifin relies on an Eleventh Circuit case where the court concluded that violations of § 1692c(b) have a close relationship to the harm resulting from the common law tort of invasion of privacy, specifically, the public disclosure of private facts. *Hunstein v. Preferred Collection & Mgmt. Serv., Inc.*, 994 F.3d 1341, 1347 (11th Cir. 2021); *see also United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989) ("[B]oth the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person."). The *Hunstein* decision also concluded that invasion of privacy is one of the harms against which the FDCPA is directed. *Id.*; *see also* 15 U.S.C. § 1692(a) ("There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to

3

the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."); S.REP. 95-382, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1699 ("Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs."). The *Hunstein* decision accordingly held that a violation of § 1692c(b) gives rise to a concrete injury-in-fact for Article III standing and that a debt collector's transmittal of a consumer's personal information to a third-party vendor constitutes a communication "in connection with the collection of any debt" under § 1692c(b). *Id.* at 1348-49.

The Eleventh Circuit's reasoning finds support in the Supreme Court's recent decision *TransUnion*, where the Court recognized that various intangible harms can be concrete for purposes of Article III standing, such as reputational harms, disclosure of private information, and intrusion upon seclusion. *Id.* at 2204. *Hunstein* is also supported by the Seventh Circuit's decision in *Gadelhak*, in which the court concluded that common law has long recognized actions against defendants who invade privacy rights, in that case, intrusion upon seclusion. *Id.* at 462. Other Seventh Circuit precedent confirms that Thomas has asserted a concrete harm in the context of the invasion of privacy rights. *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1149 (7th Cir. 2020) ("The invasion of a legally protected privacy right, though intangible, is personal and real, not general and abstract.").

The Court therefore concludes that Thomas has standing to bring his claim under § 1692c(b). Because Thomas's theory of liability under 15 U.S.C. § 1692f is essentially the same as his theory under § 1692c(b), Thomas has standing to bring his claim under § 1692f.[1]

---

[1] Thomas did not respond to Unfin's arguments nor address the *Hunstein* decision.

**Conclusion**

Based on the foregoing, the Court denies Thomas's motion to remand [13] and also denies Thomas's request for attorney's fees and costs.

**IT IS SO ORDERED.**

Date: 8/20/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge